IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:15-CV-2346-N-BH |
| | § | |
| CALIBER HOME LOANS, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for full case management. Before the Court are *Defendant's Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's Second Amended Complaint and Brief in Support,* filed May 6, 2016 (doc. 54); *Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e)(2),* filed June 2, 2016 (doc. 70); and the plaintiff's *Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i)*, filed July 18, 2016 (doc. 95). Based on the relevant filings and applicable law, the plaintiff's notice should be construed as a motion to dismiss his case, it should be **GRANTED,** and his claims should be dismissed **WITH PREJUDICE**. The defendant's motions to dismiss should be **DENIED AS MOOT**.

**I. BACKGROUND**

On July 17, 2015, Michael Williams (Plaintiff) filed this *pro se* action alleging discrimination in employment and retaliation for protected activity. (*See* doc. 1.) Caliber Home Loans (Defendant) answered on August 17, 2015. (*See* doc. 10.) A scheduling order that was entered on October 14, 2015, established deadlines of February 26, 2016 for amendment of pleadings; of May 27, 2016 for completion of discovery; and of June 24, 2016 for filing dispositive motions. (*See* doc. 15.) Plaintiff timely moved for leave to amend his complaint, and the motion was granted on April 12, 2016. (*See* docs. 19, 20, 41.) Plaintiff again moved to amend his complaint on April 15, 2016, and the motion was granted based on Defendant's consent to the amendment. (*See* docs. 43, 52.)

Defendant filed three discovery motions between March 17, 2016 and May 27, 2016, hearings were conducted concerning the motions, and the motions were granted. (*See* docs. 26, 29, 38, 64, 84.) It moved for partial dismissal of the second amended complaint on May 6, 2016. (*See* doc. 54.) It subsequently moved, on June 2, 2016, to dismiss the entire action on grounds that Plaintiff had made false statements regarding his financial status in his application to proceed *in forma pauperis*. (*See* doc. 70.) After Plaintiff's motions to amend for a third time to add new defendants and for a new scheduling order were denied on June 21, 2016, he filed his notice of voluntary dismissal on July 18, 2016. (*See* docs. 91, 95.)

Defendant opposes voluntary dismissal. (*See* doc. 97.) It provides evidence that it has expended more than $250,000.00 in fees and costs in defending this action, and that Plaintiff seeks to dismiss so that he can re-file the suit with the assistance of an attorney (who will only represent Plaintiff if he can get out of the current suit), conduct discovery, and amend his complaint. (*See* doc. 98-1 at 2, 98-4 at 2.)[1] An attorney subsequently entered an appearance in this case on September 14, 2016, but has not filed anything of record. (*See* doc. 100.)

## II. ANALYSIS

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss his action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Here, Defendant has answered. Accordingly, Plaintiff may only voluntarily dismiss his action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). His *pro se* notice of dismissal is liberally construed as a motion under Fed. R. Civ. P. 41(a)(2).

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant files either an answer or a motion for summary judgment, and if it does not consent to the voluntary dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18.

**A.     Prejudice**

Courts have found plain legal prejudice when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162-63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). In those cases where plain legal prejudice has been found, courts have often noted a combination of these factors. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope

of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 199 (5th Cir.1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360 (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed. App'x 76 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

      Here, Defendant contends that it will be legally prejudiced by a voluntary dismissal without

4

prejudice because the motion comes at an impermissibly late stage in the litigation after it has spent more than $250,000.00 to defend the action. This action had been pending for one year at the time that Plaintiff filed his motion, the parties had filed and responded to several discovery motions, discovery had concluded, Defendant had filed two motions to dismiss, and the deadlines in the scheduling order had all elapsed. This factor weighs in favor of a finding of prejudice.

Defendant also contends that voluntary dismissal will allow Plaintiff to circumvent prior and imminent adverse rulings. It notes that Plaintiff was denied leave to amend his complaint for a third time, and it provides evidence that he seeks to dismiss this case so that the attorney who agreed to represent him only if he could get out of this lawsuit could re-file it, reopen discovery and amend his complaint, thereby circumventing past rulings. "The absence of a satisfactory explanation for why a dismissal should be without prejudice has been identified in numerous cases as an important factor bearing on the court's decision whether to grant a motion to dismiss." *Freeny v. Apple Inc.*, No. 2:13-CV-0361-WCB, 2014 WL 4954541, at *2 (E.D.Tex. Oct. 1, 2014). It also notes that it has two pending motions to dismiss, one of which seeks dismissal of all of Plaintiff's claims with prejudice under 28 U.S.C. § 1915 based on evidence it obtained during discovery of his allegedly false statements to the Court under penalty of perjury in his application to proceed *in forma pauperis*.

Defendant's main argument is it will be deprived of its § 1915 defense to all of Plaintiff's claims. Section 1915(e)(2)(A) provides that a court "shall dismiss" an *in forma pauperis* case at any time if it finds that the allegation of poverty is untrue. *See* 28 U.S.C. § 1915(e)(2); *Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009) (dismissing lawsuit where *in forma pauperis* affidavit contained false statements and also assessing fees and expenses). The dismissal may be with

prejudice when "'evidence exists of bad faith, manipulative tactics, or litigiousness.'" *Castillo*, 330 F. App'x at 466 (quoting *Lay v. Justices–Middle District Court,* 811 F.2d 285, 286 (5th Cir. 1987)). Defendant claims that it has expended considerable effort in obtaining evidence of Plaintiff's financial status at the time he filed his sworn application and his alleged perjured statements, and in filing a motion to dismiss all of his claims with prejudice based on that evidence. It argues that it will lose the benefit of this defense because Plaintiff may avoid the consequences of his actions by dismissing this suit and merely paying the filing fee for any subsequent lawsuit. It also notes that it need not prove that it would succeed on its motion to show prejudice. *See Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990); *Elbaor,* 279 F.3d at 319.

Defendant has demonstrated the existence of all three relevant factors, and that it will suffer plain legal prejudice from a dismissal without prejudice at this stage of the proceedings.

**B.   Curative Conditions**

Upon a finding of plain legal prejudice, courts may either deny the motion outright or "craft conditions that will cure the prejudice." *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (quoting *Elbaor*, 279 F.3d at 317-18). Curative conditions prevent unfair prejudice to the other side. *Id.* Courts "must be careful to craft conditions that are not overbroad." *Elbaor,* 279 F.3d at 320. Dismissal with prejudice is one option. *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163; *Elbaor*, 279 F.3d at 320. One of the curative conditions most often imposed is the assessment of the fees and costs of the dismissed defendant. *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990) (affirming assessment of fees as a curative condition where motion to dismiss was filed on the first day of trial) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F. 2d 601, 603 (5th Cir. 1976)). Curative conditions should be designed to

protect the defendant, not disadvantage or unduly burden the plaintiff. *LeCompte*, 528 F.2d at 604-05. Courts should be careful to craft conditions that are not overbroad. *Elbaor*, 279 F.3d at 320.

Here, imposition of fees and costs of more than $250,000.00 would protect Defendant to some extent but also unduly burden Plaintiff. Notably, a dismissal without prejudice in this case will effectively be a dismissal with prejudice of Plaintiff's Title VII claims because of the applicable statute of limitations. *See* 42 U.S.C. § 2000e-5(f) (requiring Title VII suit to be filed within 90 days of receipt of right to sue letter from EEOC). His employment discrimination claims under 42 U.S.C. § 1981 are subject to a four-year statute of limitations, however, and would not be barred. *See* 28 U.S.C. 1658(a); *Jones v. RR Donnelly & Sons, Co.*, 541 U.S. 369, 383 (2004). Plaintiff admittedly seeks to dismiss this case so that he can re-file the suit to reopen discovery and amend his complaint, thereby circumventing prior rulings and the scheduling order. If his motion to dismiss is denied, he still faces Defendant's motion to dismiss his entire case with prejudice on grounds that he made false statements to the Court under penalty of perjury in support of his motion to proceed *in forma pauperis*. Because Defendant has demonstrated that dismissal without prejudice would strip it of this defense to Plaintiff's remaining § 1981 claims, dismissal with prejudice would not be overbroad. *See Elbaor*, 279 F.3d at 320 (dismissal of case with prejudice was an overbroad curative condition because the non-movant had not demonstrated that it would be deprived of a defense to all claims, but only to some). Under the specific facts and circumstances of this case, the curative condition of dismissal with prejudice is appropriate.

Imposition of this curative condition requires allowing Plaintiff an opportunity to withdraw his motion. *Elbaor*, 279 F.3d at 320. His failure to timely withdraw his motion will constitute acceptance of the dismissal with prejudice. *See Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.,*

7

904 F.2d 298, 301-02 (5th Cir. 1990).

### III.  RECOMMENDATION

Plaintiff's motion to dismiss this action should be **GRANTED**, the case should be dismissed **WITH PREJUDICE**, and Defendant's motions to dismiss should be **DENIED AS MOOT**, unless Plaintiff moves to withdraw his motion within the time for objecting to this recommendation, or some other deadline imposed by the Court.

**SO RECOMMENDED** on this 7th day of November, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE